UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-77-KSF

JAMES H. MCINTOSH                                                                                    PLAINTIFF

vs.                                              **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                               DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying benefits [DE #9] and Defendant's Motion for Summary Judgment to affirm that decision [DE #10].  Having been fully briefed, these motions are ripe for review.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The parties adopt the facts and procedural history stated by the Administrative Law Judge's (ALJ) decision of July 13, 2006.  In summary, the ALJ concluded that Plaintiff was not engaged in substantial gainful activity, that his lumbar spine and cervical spine pathology causing pain are considered "severe," that his impairments do not meet or medically equal one of the listed impairments, that Plaintiff's allegations regarding his limitations are not totally credible, that Plaintiff has the residual functional capacity to perform light level work, that he is unable to perform any of his past relevant work, that he has no transferable skills from any past relevant work, that he has the residual functional capacity to perform a significant range of light work, that there are a significant number of jobs in the national economy that he could perform, and that he is not disabled.  (Tr. 19-20, Findings 2-13).

Plaintiff's claim on appeal is that the ALJ's decision is not supported by substantial evidence because the ALJ was obligated under 20 C.F.R. § 404.1512(e)(1) to recontact a treating physician

when the report from the medical source "does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Plaintiff argues the ALJ erred in rejecting the opinion of Dr. Murad without recontacting him "to determine whether the additional information we need is readily available." [DE #9-2, pp. 3-7]. The United States responds that the regulatory duty to recontact a medical source is triggered only when the record is inadequate to allow the decision maker to determine whether the claimant is disabled, and not simply because the physician's opinion is rejected. [DE #10, p. 3].

> Regarding this issue, the most relevant portions of the ALJ decision are:
>
> The record reflects that the claimant fell on September 3, 2002 and injured his back. He went to Dr. Murad on September 5, 2002, who diagnosed pulled muscles and prescribed Zanaflex and Naprosyn. On November 25, 2002, Dr. Murad reported that the MRI scans of his T-spine, C-spine and L-spine were negative. His diagnosis was muscular back pain (Exhibit 9F). (Tr. 16).
>
> I rejected the physical assessment of Dr. Murad at Exhibit 9F. The limitations were not supported by his treatment notes or objective findings. The MRI scan done in 2002 was normal as were the X-rays (Exhibit 9F, p. 16, 17 and 13). At most the claimant has some degenerative changes and bulging (Exhibit 2F, p. 3 and 10). ... I adopted the physical assessment of the State Agency medical consultants, as these were the most consistent with the evidence of record (Exhibits 4F and 7F).

(Tr. 17).

## II. ANALYSIS

### A. Standard of Review

"Disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Commissioner of Social Security,* ___ F.3d ___, 2007 WL 2752888 (6th Cir. Sept. 24, 2007); 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999). The court must review the record as a whole and take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The opinion of a treating physician must be considered together with the other relevant evidence to determine whether the opinions are internally consistent, externally consistent with the record as a whole, and supported by clinical findings. 20 C.F.R. §§ 404.1527(b), (c), (d)(3)-(4). A disability opinion by a treating physician is to be given controlling weight only if it is consistent with other evidence and supported by clinical and laboratory findings. 20 C.F.R. §§ 404.1527(b), (d)(2), (3)-(4); Social Security Ruling ("SSR") 96-2P, 1996 WL 374188.

**B.  Whether the ALJ Was Required to Recontact Dr. Murad**

Plaintiff relies on the following language of 20 C.F.R. § 404.1512(e)(1) in support of his claim that Dr. Murad should have been recontacted:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or

3

> clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appeal to be based on medically acceptable clinical and laboratory diagnostic techniques....

Plaintiff further relies on the Tenth Circuit decision in *White v. Barnhart*, 287 F.3d 903 (10th Cir. 2002), where the court said:

> In a closely related argument, Ms. White claims that the ALJ should have recontacted Dr. Fanning to obtain a more detailed medical examination and disability assessment. The Commissioner responds by blaming Ms. White for failing to carry out her "responsibility to bring forth evidence related to the disability that she claims." Appellee's Br. at 25. If by this accusation the Commissioner suggests that the ALJ's duty to recontact a treating physician is contingent on the [sic] some further act by the claimant, the Commissioner is wrong. The Commissioner, under the governing regulations, must recontact a treating physician when the information the doctor provides is "inadequate ... to determine whether you [the claimant] are disabled."

*Id.* at 908. Lastly, Plaintiff attempts to distinguish the Sixth Circuit decision in *Littlepage v. Chater*, 1998 WL 24999 (6th Cir. 1998) in which the court held it was not necessary to recontact the treating physician to resolve a conflict between his form report and the treatment notes where the treatment notes were in the record and were used for a determining impairment. Plaintiff argues that a critical distinction between that case and this one is that the ALJ did not determine residual functional capacity based on Dr. Murad's treatment notes.

The United States argues that the conclusion in *White* supports the ALJ's decision here. In affirming the decision of the ALJ in that case, the court said:

> But that does not mean the ALJ erred here. **For it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the "evidence" the ALJ "receive[s] from [the claimant's] treating physician" that triggers the duty.** *See id.* The ALJ believed the information he received from Dr. Fanning was "adequate" for consideration; that is, it was not so incomplete that it could not be considered. However, the ALJ also believed that the conclusion Dr. Fanning reached was wrong; that is, it was insufficiently supported by the record as a whole. As we explained above, the ALJ concluded that Dr. Fanning's opinion rested heavily on Ms. White's subjective assertions of pain as opposed to objective medical evidence; that it was based on less detailed medical examinations than were the assessments of the consulting physicians; and finally, that it failed to explain the discrepancy between, on the one hand, an increasingly restrictive functional assessment and,

4

> on the other, x-ray images of Ms. White's back showing little or no physical change in her condition.
>
> Given the nature and limits of our review, and given as well the detailed reasons offered by the ALJ for rejecting Dr. Fanning's opinion, we do not second-guess his decision. Much of the evidence in this close case was in conflict. the ALJ was forced to weight all of it before reaching his decision. As we have said repeatedly, we are unable to now reweigh that evidence and substitute our judgment for his.

*White*, 287 F.3d at 908-909; emphasis added.

While the Sixth Circuit has not addressed the issue of recontacting a physician in a published opinion, it has addressed it in several unpublished opinions. Most recently, in *DeBoard v. Commissioner of Social Security*, 211 Fed. Appx. 411 (6th Cir. 2006), the court said:

> Generally, an Administrative Law Judge need recontact a medical source only if the evidence received from that source is "inadequate" for a disability determination. (Citations omitted).
>
> A disagreement between two medical professionals does not render the opinion of one "inadequate" under the regulations.

*Id.* at 416. The court further noted that the Claimant "submits nothing to demonstrate that the score assigned by Dr. Cooke on the Global Assessment Functioning exam was inadequate except that it did not match the score she received from Pathways." *Id.* Thus, the Sixth Circuit requires a claimant to show on appeal that the evidence was inadequate, rather than merely making a conclusory allegation. This is consistent with *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987) in which the court said that "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."

In *Melton v. Commissioner of Social Security*, 1999 WL 232700 (6th Cir. 1999), the Sixth Circuit said:

> Nevertheless, as Plaintiff observes, 20 C.F.R. § 404.1512(e) provides that when the treating source opinion is inadequate for a determination, the commissioner will re-contact the treating source for additional information or clarification. The record does not show that the Commissioner did so in this case. However, this is harmless

5

>because Plaintiff did not identify and offer to present any additional evidence from Claimant's treating physicians showing that Claimant was disabled during the relevant period.

*Id.* at *5.

In *Littlepage v. Chater,* 1998 WL 24999 (6th Cir. 1998), the court noted that the medical assessment form appeared to have erasures and "did not comport with the level of functioning indicated in Dr. Silva's office visit notes." *Id.* at *2. Dr. Silva "left blank ... every section of the report which sought descriptions of limitations and supporting medical/clinical findings." *Id.* at *1. When the ALJ identified a conflict, he "resolved it by discounting the report of Dr. Silva, which was unsupported by objective medical evidence, and by relying instead upon the Doctor's actual treatment notes." *Id.* at *3. The court noted that an ALJ "is not bound by a conclusory opinion ... when there is substantial medical evidence to the contrary." *Id.*

In *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002), a claimant argued that when an ALJ found a medical report to be contradictory, the ALJ was required to recontact the evaluator to resolve the conflict. The Ninth Circuit held that "the requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability." *Id.* There, the ALJ "did not make a finding that the report was inadequate to make a determination regarding [the claimant's] disability"; "[i]nstead, the ALJ disagreed with the report's finding...." The court concluded that "the ALJ acted in accordance with his responsibility to determine the credibility of medical evidence...."

In the present case, the ALJ likewise acted in accordance with his responsibility to determine the credibility of Dr. Murad's report. The ALJ did not find Dr. Murad's report to be "inadequate" to determine Plaintiff's disability, rather he found it to be inconsistent with Murad's own treatment notes and with the objective evidence (Tr. 17). Immediately after Plaintiff's injury, Dr. Murad diagnosed "pulled muscles." (Tr. 16, 282). Two months later, MRI scans of Plaintiff's cervical, thoracic, and lumbar spine were negative (Tr. 16, 265, 268). Dr. Murad's assessment was

6

muscular back pain (Tr. 265). In January 2003, Dr. Sharma examined Plaintiff and reviewed the x-rays and MRI of the cervical spine, which were "normal." The lumber spine MRI showed some degeneration, a bulge, and a paraspinal muscle spasm (Tr. 16, 194). Dr. Agrarap began treating Plaintiff in June 2003 for back pain and noted that, with Lorcet, he "is able to do his daily activities" and, later, that he is "doing well with his daily activities" (Tr. 173, 175). Additionally, the state agency medical sources found Plaintiff's limitations were not inconsistent with the performance of light work (Tr. 203-211, 242-250).

As in *DeBoard* ("[a] disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations"), *Littlepage* ("the ALJ identified a conflict and resolved it by discounting the report of Dr. Silva"), and *White* (the ALJ "believed that the conclusion Dr. Fanning reached was wrong"), the ALJ here assessed the credibility of Dr. Murad's report and discounted it in light of inconsistencies with his own treatment notes and the objective evidence. The ALJ provided his reasons for rejecting the report. There was no finding by the ALJ that Dr. Murad's report was inadequate, nor has Plaintiff provided any evidence to support his claim of inadequacy. The record reveals there was substantial evidence upon which to base a determination of Plaintiff's alleged disability. There is no factual or legal support for Plaintiff's claim that the ALJ was required to recontact Dr. Murad.

The ALJ weighed all of the conflicting evidence and assessed its credibility. It is the function of the ALJ to resolve conflicts in the evidence and make credibility determinations. Those decisions "must stand if the evidence could reasonably support the conclusion reached." *Her*, 203 F.3d at 390. The ALJ's decision that Dr. Murad's report should be discounted is supported by substantial evidence; accordingly, the decision is affirmed.

### III.  CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. Plaintiff's Motion for Summary Judgment [DE #9] is **DENIED**.

2. The Commissioner's Motion for Summary Judgment [DE #10] is **GRANTED**.

3. Judgment in accordance with this opinion will be entered contemporaneously herewith.

This October 24, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge